## Case No. 2,650.

CHESAPEAKE & O. CANAL CO. v. MASON.

[4 Cranch, C. C. 123.][1]

Circuit Court, District of Columbia. May Term, 1830.

EMINENT DOMAIN—SETTING ASIDE INQUISITION.

An inquisition, condemning more land than can be reasonably required for the use of the Chesapeake & Ohio Canal Company, or if the boundaries are not ascertained with certainty, will be set aside by the court.

C. Cox and Mr. Swann, for plaintiff.
Mr. Key, for defendant.

This was a motion to set aside an inquisition condemning land of [John] Mason, in Georgetown, District of Columbia, for the use of the Chesapeake & Ohio Canal.

THE COURT (THRUSTON, Circuit Judge, absent), upon hearing the testimony of witnesses, and the arguments of counsel, set aside the inquisition, because they were of opinion that the company had unreasonably required the condemnation of the whole lot, when they might have left valuable property to Mr. Mason, which seems to be of no use to the company, and because the jury had not ascertained, with sufficient certainty, the bounds of the land condemned.

---

## Case No. 2,651.

CHESAPEAKE & O. CANAL CO. v. POOR.

[3 Cranch, C. C. 598.][1]

Circuit Court, District of Columbia. May Term, 1829.

CHESAPEAKE & OHIO CANAL COMPANY—JUDGMENT FOR NONPAYMENT OF INSTALMENTS.

The instalments due by the subscribers to the Chesapeake & Ohio Canal Company, may be recovered on motion, with costs.

This was a motion for judgment against [Nathaniel P. Poor], a stockholder, for instalments due upon the shares subscribed for by him in the stock of the Chesapeake and Ohio Canal Company; ten days' notice of the motion having been given, according to the fifth section of the charter granted by Virginia, and confirmed by the states of Maryland and Pennsylvania, and by the United States; by which it is enacted that "whenever any subscriber shall fail to pay any instalment called for by the company, it shall and may be lawful for the company, upon motion to be made in any court of record, after ten days notice, to obtain judgment against the subscriber so failing to pay." The charter says nothing respecting the costs of the motion.

Mr. Wallach, for plaintiff, observed that the statute of Glocester gives costs wherever damages could be recovered at common law, although a summary remedy may be given by statute. Hull. Costs, 5. If these subscriptions had been sued for at common law, upon the contract, damages would have been given.

THE COURT (nem. con.) ordered the judgment to be entered for the several subscriptions, with costs; and observed, that the charter was granted by Virginia, and confirmed and adopted by Maryland, Pennsylvania, and the United States; and that there was in Virginia, at that time, a statute authorizing the court in all cases of judgment on motion to give costs at its discretion. If such a motion as the present were made in Virginia against a subscriber under this charter, the judgment would be with costs, and the same construction should be given everywhere to this clause of the charter.

Judgment for $75, with costs.

---

## Case No. 2,652.

CHESAPEAKE & O. CANAL CO. v. ROBERTSON.

[4 Cranch, C. C. 291.][1]

Circuit Court, District of Columbia. March Term, 1833.

CHESAPEAKE & OHIO CANAL COMPANY—RIGHTS OF SUBSCRIBER.

